THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER GALLOWAY<br>6707 14th Place, N.W.<br>Washington, DC 20012<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE AGENCY<br>Constitution Center<br>400 7th St., S.W.<br>Washington, DC 20024<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Christopher Galloway ("Mr. Galloway" or "Plaintiff"), by and through his attorney Denise Clark, files this action, following his exhaustion of administrative remedies, and alleges the following:

## NATURE OF ACTION

1. This is a challenge to Defendants' unlawful retaliatory actions against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII").

2. Mr. Galloway filed an informal EEO charge alleging discriminatory conduct on the part of his supervisors, Mr. Galloway was then issued the lowest performance rating of his career and was suspended without pay shortly thereafter as a direct result of his protected activity.

3. To remedy the Defendant's retaliatory conduct, Plaintiff seeks compensatory damages, attorney's fees and costs, punitive damages, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  This Court also has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3) as this matter involves a civil action by an aggrieved person under Title VII.

6. This Court may properly maintain personal jurisdiction over Defendants because Defendant is a federal government agency that conducts business within the District of Columbia.

7. Venue is properly laid in this Court because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as a federal employee.

10. On July 24, 2014 Mr. Galloway filed a formal charge of discrimination against Defendant.

11. At the time of the filing of this action, there has been no final agency decision regarding Mr. Galloway's complaint and it has been more than 180 days since the filing of his formal complaint of discrimination.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Defendant Federal Housing Finance Agency, ("Defendant" or "FHFA"), is a federal government agency tasked with overseeing and evaluating banks involved in federal housing programs.

14. Plaintiff is a Bank Examiner who works for the FHFA at their offices in the District of Columbia. He currently lives in the District of Columbia.

## FACTUAL ALLEGATIONS

15. In or about May 2009, Mr. Galloway was hired by Defendant as a Bank Examiner and continued to be employed by Defendant until February 2015 when he accepted a voluntary severance package that was offered to all of Defendant's employees.

16. Throughout Mr. Galloway's employment with Defendant, Mr. Galloway has enjoyed significant successes as an employee including excellent performance evaluations as well as being named the recipient of Defendant's "Outstanding Achievement Award."

17. Mr. Galloway status as an employee of notable quality was further acknowledged by Defendant when he was assigned the task of assisting in the recruiting of new employees.

18. On January 27, 2014 Mr. Galloway filed an informal complaint of discrimination against his first line supervisor Paul McGuire, ("Mr. McGuire"), and his second-line supervisor Louis Scalza, ("Mr. Scalza"), as a result of racially inappropriate comments and hostile actions that he experienced in the workplace.

19. On or about March 5, 2014, mere days before Mr. Galloway's discrimination complaint was scheduled to be mediated, Mr. Galloway received a call from Maria Kaplan, Defendant's

EEO Counselor. Ms. Kaplan informed Mr. Galloway that, unbeknownst to him, the supervisors indicated in his complaint, Mr. McGuire and Mr. Scalza, were preparing to propose that he be suspended.

20. Ms. Kaplan went on to inform Mr. Galloway that were he to agree to drop his discrimination claim, then Mr. McGuire and Mr. Scalza would be willing to forego moving forward on his proposed suspension.

21. Mr. Galloway refused to abandon his discrimination claim under these circumstances.

22. On or about March 7, 2014, after the first mediation conference regarding his discrimination complaint had been held, Mr. Galloway received his performance rating for fiscal year 2013. This performance rating, which was based upon Mr. McGuire's evaluation of Mr. Galloway's performance, ranked Mr. Galloway's performance as "minimally successful."

23. This was the lowest performance rating that Mr. Galloway has ever received in the history of his employment with Defendant.

24. On or about March 12, 2014 Mr. Galloway received a memorandum of proposed suspension recommending that he be suspended without pay for seven days.

25. This memorandum of proposed suspension, that arrived months after Mr. Galloway filed his claim of discrimination, purported to punish Mr. Galloway for alleged misconduct that occurred four to six months prior to its issuance.

26. On or about June 17, 2014 Mr. Galloway issued his response to the memorandum of proposed suspension challenging its merits and expressing his belief that it was issued as a retaliatory punishment for filing his discrimination complaint.

27. Despite Mr. Galloway's stringent objections, on September 19, 2014, at a time when Mr. Galloway was no longer being supervised by Mr. McGuire or Mr. Scalza, Defendant via Mr.

Scalza issued a "Decision Regarding Suspension" pursuant to which Mr. Galloway was suspended without pay for three days on or about November 24-26, 2014.

## COUNT I: RETALIATION

28. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

29. Mr. Galloway engaged in protected activity on or about January 27, 2014 when he filed an informal complaint of discrimination with Defendant citing discriminatory behavior by his supervisor.

30. Mr. Galloway experienced an adverse employment action on or about March 7, 2014 when Defendant issued a performance rating declaring his performance "minimally successful".

31. Mr. Galloway experienced a second adverse employment action when Defendant suspended him without pay in or about September 19, 2014, an action that they notified him of in or about March 12, 2014 in the days immediately following his attempts to mediate his claim of discrimination against Defendant.

32. The close timing between Mr. Galloway's complaint of discrimination and the initiation of adverse actions against him by Defendant gives rise to an inference of retaliatory animus on the part of Defendant against Mr. Galloway.

33. To redress Defendants' discriminatory acts under Count I, Plaintiff seeks compensatory damages, emotional distress damages, punitive damages, liquidated damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

34. Entry of judgment in favor of Mr. Galloway and against Defendants;

35. Compensatory and punitive damages pursuant to 42 U.S. Code § 1981a;

36. Attorney's fees and costs; and

37. Other such relief as may be appropriate to effectuate the purposes of Title VII.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: August 7, 2015

Respectfully submitted,

/s/Denise M. Clark
Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com