**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHRISTOPHER GALLOWAY**, | |
| Plaintiff, | |
| v. | Case No. 15-cv-01275 (CRC) |
| **MELVIN WATT, Director, Federal Housing Finance Agency**, | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Christopher Galloway received a poor performance review and a three-day suspension from his job as a bank examiner with the Federal Housing Finance Agency ("FHFA") for submitting inaccurate travel vouchers and committing related administrative transgressions. Galloway contested the agency's actions in a complaint before its Equal Employment Opportunity office, alleging that he had been retaliated against for having lodged an informal complaint of racial hostility on the part of two of his supervisors. After the agency issued a Final Agency Decision ("FAD") rejecting his EEO complaint, Galloway filed suit in this Court claiming unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. FHFA has moved to dismiss the suit on just one ground: that Galloway filed his complaint more than 90 days after receiving the FAD, rendering it time-barred. Because Galloway filed his Complaint late, and has offered neither facts nor evidence sufficient to warrant equitable tolling of the filing deadline, the Court will grant FHFA's motion to dismiss.

I.      Background

Galloway's complaint—in a section entitled "Exhaustion of Administrative Remedies"—states that "[a]t the time of this action, there has been no final agency decision."  Compl. ¶ 11.  Subsequent briefing on FHFA's motion to dismiss has revealed that statement to be erroneous.  Both parties now agree that Galloway chose to pursue his claim of retaliation internally through FHFA's Equal Employment Opportunity office and that, through this process, he received an unfavorable FAD.  Galloway received the FAD on May 5, 2015 and filed his Complaint in this Court on August 7, 2015, a full 94 days later.  In response to FHFA's motion to dismiss his suit as time-barred, Galloway has attempted to "set forth facts entitling [him] to equitable tolling of the 90 day limitations period in which a party may initiate a lawsuit after receiving" a FAD.  Uzoukwu v. Metro. Wash. Council of Gov'ts, 983 F. Supp. 2d 67, 77 (D.D.C. 2013).

Essentially, he seeks to lay blame for the untimely filing at the feet of his former lawyer, who withdrew after the government filed its motion to dismiss.  Galloway's current counsel states the following in his opposition brief:

- On March 12, 2015, . . . Mr. Galloway met with Denise M. Clark and Melody Webb of the Clark Law Group for legal advice regarding . . . his employment complaint against the FHFA.

- Mr. Galloway corresponded . . . or met[] with Denise M. Clark and or other agents of The Clark Law Group on these dates: March 17th, March 19th, May 8th[] and 14th and July 6th, 10th, 14th, and 17th of 2015.

- On May 5, 2015, [he] received a copy, via UPS, of the Final Agency Decision ("FAD") signed by the Human Resource Director, Brian Guy, as the deciding official.

- Upon receipt, Mr. Galloway, on May 14, 2015, met with Denise M. Clark and hand delivered a copy of the FAD.  On July 17, 2015, [he] met with Denise M. Clark to pay his retainer fee.

- At this [July 17] meeting, plaintiff asked Ms. Denise M. Clark if she had enough time to timely file his complaint. Ms. Clark stated[,] "[Y]es, we have enough time."

- Ms. Clark filed the Title VII complaint untimely four-(4) days after the Title VII's 90-day filing date ran.

Pl.'s Opp'n Def.'s Mot. Dismiss 8. In Galloway's view, these facts, if true, justify the Court's exercise of its equitable power to toll the 90-day limitations period.

## II. Legal Standard

To overcome a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as a factual allegation" do not warrant the same deference. Id. (citing Twombly, 550 U.S. at 555).

"In ruling upon a motion to dismiss, a court may ordinarily consider only 'the facts alleged in the complaint, documents attached as exhibits incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'" Dyson v. Dist. of Columbia, 808 F. Supp. 2d 84, 86 (D.D.C. 2011) (quoting Gustave–Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)). A Court properly may consider as well "documents upon which [a] plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Slate v. Public Defender Serv., 31 F. Supp. 3d 277, 287–89 (D.D.C. 2014) (quoting Hinton v. Corr. Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009)).

**III.    Analysis**

FHFA contends that Galloway's "complaint before the district court [is] barred by 42 U.S.C. § 2000e-16(c). That subsection—the basis for discrimination actions against federal employers—requires that district court complaints be filed '[w]ithin 90 days of receipt of notice' of the defendant agency's FAD." Woodruff v. Peters, 482 F.3d 521, 525 (D.C. Cir. 2007). In general, "[c]ourts apply this limit strictly and 'will dismiss a suit for missing the deadline by even one day.'" Id. (quoting Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)). The parties agree that Galloway received a FAD on May 5, 2015, making the deadline for filing a civil action August 3, 2015, and that Galloway filed his complaint on August 7, 2015, four days after the deadline. Galloway's suit is therefore time-barred unless the Court exercises its discretion to equitably toll the 90-day limitations period.

A "[p]laintiff has the burden of pleading and proving any equitable reasons for his failure to meet the 90-day time limit." Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997) (citing Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982)). As an initial matter, Galloway clearly has not met his burden of proving any equitable reasons for his late filing. Indeed, he fails to attach to his opposition *any* documentation or sworn affidavit relevant to the issue of equitable tolling. The Court at this stage thus has nothing more to go on than the bare allegations Galloway makes in response to FHFA's motion to dismiss. Regardless, even accepting as true all of the factual claims in Galloway's opposition brief, equitable tolling would not be warranted.

A.   When Equitable Tolling Is Warranted

The Supreme Court has held that "the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990). Tolling is also available in Title VII suits against the federal

4

government, although "no more favorable tolling doctrine may be employed against the [g]overnment than is employed in suits between private litigants." Id. at 96. A plaintiff is entitled to have a statutory time limit equitably tolled "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S., 408, 418 (2005)).

"[I]n the context of procedural default," clients generally "must 'bear the risk of attorney error.'" Id. at 650 (quoting Coleman v. Thompson, 501 U.S. 722, 752–753 (1991)). That being said, "[a]n attorney's failure to satisfy professional standards of care" may on occasion constitute an "extraordinary circumstance" warranting equitable tolling. Id. at 649. Still, "the principles . . . described above do not extend to what is [only] a garden variety claim of excusable neglect," Irwin, 498 U.S. at 96, "such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline," Holland, 560 U.S. at 651 (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). "[U]nprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary' even though the conduct in question may not" involve bad faith or dishonesty on the part of an attorney. Holland, 560 U.S. at 651. An attorney's dishonesty should nonetheless factor into the Court's assessment. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 238, 241 (3d Cir. 1999) (finding an attorney's "affirmative misrepresentation" to a client that he had already filed her complaint to be more than "garden variety attorney neglect" that could "bring [a] case within the narrow line of cases in which lawyer misconduct justifies equitable tolling").

B.  <u>Whether Galloway Is Entitled to Equitable Tolling</u>

As the Court sees it, there are two plausible accounts of events leading up to the filing of Galloway's Complaint.  First, if Galloway is correct, then his attorney received a copy of the FAD or was at least aware of it; reasonably assured him that she had enough time to meet the filing deadline, given the short length of the complaint (six pages) and the remaining time to file (seventeen days); forgot that a FAD was issued (and thus erroneously stated in the complaint that none had issued); and missed the filing deadline as a result.  Alternatively, Galloway may never have provided his attorney with the FAD or informed her that one had been issued, and counsel was therefore unaware of the August 3 deadline and correctly represented in the Complaint that—to her knowledge anyway—"there ha[d] been no final agency decision."

The latter scenario involves no attorney misconduct or other extraordinary circumstances, and equitable tolling obviously would not be appropriate.  Even in the first scenario, however, a failure to file on time, combined with miscalculation of the relevant deadline, "suggest[s] simple negligence," not egregious or extraordinary malfeasance.  <u>Holland</u>, 560 U.S. at 652.  The same is true even if Galloway's attorney assured him on July 17 that she "ha[d] enough time" to file the complaint by August 3.  Pl.'s Opp'n Def.'s Mot. Dismiss 8.  Such a statement cannot qualify as an affirmative misrepresentation given the ample remaining time the attorney had to file, and it is certainly not on the same plane as an attorney's lie to a client that a complaint had already been filed.  <u>See</u> <u>Seitzinger</u>, 165 F.3d at 238 (3d Cir. 1999).  So even under Galloway's version of events, equitable tolling would not be justified.[1]  The Court will therefore dismiss Galloway's action as time-barred.

---

[1] A third version of events is at least theoretically possible: that Mr. Galloway's former counsel—a veteran employment litigator—was aware of the FAD, missed the filing deadline,

### IV.     Conclusion

For the foregoing reasons, the Court will grant Defendant's motion and dismiss this case with prejudice. An order accompanies this memorandum opinion.

                                          CHRISTOPHER R. COOPER
                                        United States District Judge

Date:   May 9, 2016

---

and then chose to violate her professional obligations under Federal Rule of Civil Procedure 11 by intentionally misrepresenting in the Complaint that no FAD had been issued, knowing all along that the government would point out the error in a motion to dismiss. The Court will not entertain such a scenario, or permit time-consuming discovery into counsel's conduct, absent any evidence whatsoever offered by Mr. Galloway to support it.